# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-470-GW-MAAx | Date | September 30, 2019 |
| Title | *Carpenters Southwest Administrative Corporation, et al. v. Construction Technology Specialists, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Casey M. Jensen | None Present |

**PROCEEDINGS:** PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [16]

Court confers with Plaintiff's counsel. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED. A proposed judgment is to be filed by October 3, 2019.

: 03

Initials of Preparer  JG

<u>*Carpenters Southwest Administrative Corporation, et al. v. Construction Technology Specialists, Inc., et al.*</u>; Case No. 2:19-cv-00470-GW-(MAAx)
Tentative Ruling on Application for Default Judgment

I. **Background**

Plaintiffs Carpenters Southwest Administrative Corporation ("CSAC") and Board of Trustees for the Carpenters Southwest Trusts (together, "Plaintiffs"), sued Defendant Construction Technology Specialists, Inc. and Does 1-10 for failure to pay fringe benefit contributions, file certain reports, and conduct an audit under the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185a and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. *See generally* Complaint, Docket No. 1. Plaintiffs sought damages for failure to pay the fringe benefit contributions, specific performance for the missing reports, and injunctive relief and specific performance to conduct an audit. *See* Complaint ¶ 1.

Plaintiffs served Defendant on May 17, 2019. *See* Proof of Service, Docket No. 12. Defendant did not file an answer or challenge service and has not appeared in this case. *See generally* Docket; *see also* Amended Default by Clerk, Docket No. 14. On August 19, 2019, Plaintiffs dismissed their claim for specific performance of certain missing reports. *See* Notice of Dismissal, Docket No. 15. Plaintiffs now move for default judgment against Defendant, seeking contributions in the amount of $11,064.15, pre-judgment interest in the amount of $6,243.54, audit fees in the amount of $630.00, and attorney's fees in the amount of $1,365.65, as well as an order to submit to an audit and plaintiffs' costs of suit. *See generally* Motion for Default Judgment ("MDJ"), Docket No. 16.

Plaintiffs alleged the following: Plaintiffs are authorized to act as agents on behalf of several ERISA trust funds (the "Plans"). *See* Complaint ¶ 2-4. Defendant is a contractor engaged in the construction industry within the jurisdiction of the Southwest Regional Council of Carpenters and its affiliated local unions (the "Unions"). *See id.* ¶ 12-13. On July 31, 2015, Defendant executed a memorandum agreement with the Union, binding Defendant to the terms and conditions of the Labor Agreement and subsequent amendments (the "Agreements") between the New Mexico Building Branch, Associated General Contractors and the Union. *See id.* ¶ 14-15. The Agreement requires Defendant to pay fringe benefit contributions for every hour worked by employees performing services covered by the Agreements, and on account of all compensation paid to employees performing services covered by the Agreements. *See id.* ¶ 15. The Agreements

1

also required Defendant to make monthly reports to the Plans, and to pay for an audit if it appeared that Defendant failed to report and pay all contributions. *See id.* ¶ 16, 20. Plaintiffs allege that Defendant failed to report and pay all contributions owed for several months in 2015, and that Defendant did not allow the Plans to conduct an audit. *See* Complaint Ex. 2; Complaint ¶ 35.

## II. Legal Standard

Under Local Rule 55-1, a party requesting default judgment must make a showing as to the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the parties in default are not in military service − such that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). *See* C.D. Cal. L.R. 55-1; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

On entry of default, well-pleaded allegations in the complaint regarding liability are generally deemed true. *See Geddes v. United Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (holding that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment"), *cert. denied sub nom. Albright v. Alan Neuman Prods., Inc.*, 493 U.S. 858 (1989). However, any doubts about the propriety of a default are usually resolved against the party seeking a default. *See Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1995); *see also* O'Connell & Stevenson, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* (The Rutter Group 2017) § 6:11.

This Court has discretion to refuse to enter a default judgment in an appropriate case. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Discussion

### A. Local Rule 55-1

Plaintiffs have fulfilled the requirements under Local Rule 55-1. As to the first and second requirements, default was entered against Defendant on July 9, 2019, with the summons and Complaint served on May 17, 2019, and the answer due on June 7, 2019. *See* Amended Default by Clerk, Docket No. 14; Proof of Service, Docket No. 12. There was no answer or motion to dismiss filed by that date. *See* Docket. Defendant is not a minor, incompetent, or in military service. *See* Declaration of Casey Jensen ("Jensen Decl."), Docket No. 16-12, at ¶ 4. Finally, Defendant did not appear, so no notice is required under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See generally* Docket.

In sum, the Court finds that Plaintiffs have satisfied the requirements of Local Rule 55-1.

### B. *Eitel* Factors

#### 1. *Risk of Prejudice to Plaintiffs*

The first *Eitel* factor "considers whether plaintiff will suffer prejudice if default judgment is not entered." *Design Collection, Inc. v. Going Out, Inc.*, No. CV 16-04297-FMO-(AGRx), 2016 WL 9185322, at *2 (C.D. Cal. Sept. 14, 2016). Here, if default judgment were not entered, Plaintiffs "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Because Plaintiffs sued Defendant for failure to pay fringe benefit contributions, provide specific missing reports, and conduct an audit, with Defendant failing to appear, Plaintiffs would be prejudiced if he they unable to recover from Defendant. This factor cuts in favor of granting the MDJ.

#### 2. *Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint*

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). These factors essentially require that Plaintiffs' allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (internal quotation marks and citation omitted).

Plaintiffs assert their claim pursuant to Section 301 of the LMRA, 29 U.S.C. § 185a, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. Section 301 of the LMRA and

Section 502 of ERISA authorize Plaintiffs to enforce Section 515 of ERISA. Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Plaintiffs allege that Defendant violated Section 515 of ERISA by not paying fringe benefit contributions, providing reports, or allowing an audit, as required by the Agreements. *See* Complaint ¶¶ 15, 16, 20, 35. Plaintiffs have adequately alleged that the Plans are multiemployer plans covered by Section 515 of ERISA, *see id.* ¶¶ 6-10; *see also* Declaration of Norma Guerrero ("Guerrero Decl."), Docket No. 16-2, ¶ 8-9, and that Defendant was required to make contributions to the Plans, file reports, and submit to audits under the terms of the Agreements, *see id.* ¶¶14-20; *see also* Complaint Ex. 1. The memorandum agreement Defendant signed on July 31, 2015 bound Defendant to the terms of the Agreements, which obligates signatories to pay contributions to the Fund for each hour worked by their carpenter employees and provides for liquidated damages and interest if a signatory employer fails to pay the fringe benefit contributions. *See* Guerrero Decl. ¶¶ 10-14; *see also* Ex. 1, 4, 5 to Guerrero Decl., Docket No. 16-3-11. Moreover, Plaintiffs have adequately alleged that Defendant failed to comply with the Agreements. *See* Declaration of Chris Hidalgo, Docket No. 16-14; *see also* Complaint Ex. 2, Docket No. 1-2. As such, the Complaint states an ERISA violation.

These allegations are sufficient for the Court to hold that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. *Sum of Money at Stake in the Action*

The fourth *Eitel* factor requires the Court to weigh the amount of money at stake against the seriousness of a defendant's conduct. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471-72. "Default Judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "However, where the amount is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *United Fabrics Int'l, Inc. v. U.S. Tops, Inc.*, No. CV 16-01252-JAK-(KSx), 2016 U.S. Dist. LEXIS 112543, *8 (C.D. Cal. Aug. 22, 2016).

Plaintiffs seek $11,064.15 in contributions, $6,243.54 in pre-judgment interest, $630 in

audit fees, and $1,365.65 in attorney's fees, for a total of $19,303.34, as well as injunctive relief. *See* Memorandum in Support of Motion for Default Judgment, Docket No. 16-1, p. 10. Plaintiffs seek the amount to which they are entitled under the governing labor agreements. The amount of money at stake is not so high as to weigh against the entry of default judgment.

4. *Possibility of Dispute Concerning Material Facts*

The fifth *Eitel* factor requires the Court to consider whether it is likely a dispute exists as to any material facts in the case. *See Eitel*, 782 F.2d at 1471-72. "Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low." *See United States v. Yermian*, No. SACV 15-0820-DOC-(RAOx), 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016); *see also Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Additionally, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *TeleVideo Sys. Inc.*, 826 F.2d at 917.

Plaintiffs adequately allege violations of ERISA Section 515, as discussed above, and Defendant's failure to answer the Complaint indicates that it would be unable to dispute the material facts in this matter. This factor weighs in favor of default judgment.

5. *Possibility of Excusable Neglect*

The underlying reason for the sixth *Eitel* factor is to uphold due process by requiring that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action, and be afforded opportunity to present their objections before a judgment is rendered. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Defendant was served with the summons and the Complaint, *see* Docket No. 12, and did not file a responsive pleading by the deadline, *see* Docket. This factor therefore weighs in favor of default judgment.

6. *Strong Policy Favoring Decision on the Merits*

The seventh *Eitel* factor emphasizes that "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." *Id.* "Defendant's failure to answer Plaintiff's Complaint makes a judgment on the merits impractical, if not impossible." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Defendant failed to respond to Plaintiff, preventing a decision on the merits. Thus, this factor does not strongly weigh against default judgment.

Taking into consideration the above, the *Eitel* factors weigh in favor of granting the Motion.

**C. Relief Sought**

Plaintiffs seek the following in damages: (1) $11,064.15 in contributions, (2) $6,243.54 in pre-judgment interest, and (3) $630 in audit fees, as well as (4) an order to submit to an audit, plus plaintiff's costs of suit. *See* Memorandum in Support of Motion for Entry of Default Judgment, Docket No. 16-1, p. 10.

Plaintiffs have sufficiently established their entitlement to the $11,064.15 in contributions, $6,243.54 in pre-judgment interest, and $630 in audit fees. The amount of unpaid contributions is shown in the audit invoices from January 24, 2017 and February 7, 2017. *See* Declaration of Chris Hidalgo Ex. 7-8, Docket Nos. 16-15-16. The amount of pre-judgment interest is $6,243.54, at $1,066.73 in interest on the unpaid contributions at 7 percent per annum, $2,055.04 in interest from the due date to September 30, 2019 accruing at $2.12 per day, and $3,121.77 in double interest on contributions pursuant to 29 U.S.C. § 1132(g)(2)(C). Plaintiffs have also sufficiently established their entitlement to $630 in audit fees through the audit invoices it attaches to this Motion. The audit invoices list audit fees of $195.90 and $434.10, calculated at a rate of $75.00 per hour, for a total of $630 in audit fees. *See* Declaration of Chris Hidalgo Ex. 7, Docket No. 16-15.

Finally, Plaintiffs have not pointed the Court a document or affidavit establishing their entitlement to an audit. The Court asks Plaintiffs to make clear where in their supporting documents their entitlement to an audit is established.

**D. Attorney's Fees and Costs**

Lastly, Plaintiffs seek attorney's fees of $1,365.65 and plaintiffs' costs. *See* Memorandum in Support of Motion for Default Judgment, Docket No. 16-1, p. 10.

Plaintiffs argue that they are entitled to attorneys' fees based on Section 502(g) of ERISA, which provides that if a judgment in favor of a plan is awarded, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g). The Court would agree. Thus, Plaintiffs are entitled to reasonable fees.

Plaintiffs request $1,365.65 based on Local Rule 55-3. *See* Memorandum in Support of Motion for Entry of Default Judgment, Docket No. 16-1, p. 3. Plaintiffs claim that the total delinquent amount is $12,760.88 ($11,064.15 in unpaid contributions + $1,066.73 in interest on

the unpaid contributions + $650 in audit fees). Because the principal amount is over $10,000, Plaintiffs fall within the bracket of Local Rule 55-3 entitling them to $1,200 plus 6% of the amount over $10,000. *See* C.D. Cal. L.R. 55-3. Six percent of $2,760.88 is $165.65, so the Court would grant Plaintiffs' request for attorney's fees of $1,365.65.

Finally, Plaintiffs seek plaintiff's costs of suit but do not submit an amount. Without an amount specified, the Court would deny Plaintiffs' request subject to further submission on this issue.

### IV.     Conclusion

Based on the foregoing discussion, the Court is inclined to **GRANT** the Motion for Default Judgment, but would ask Plaintiffs: (1) to point to a provision in the Agreements entitling them to an order requiring Defendant to submit to an audit, and (2) for further submission regarding the amount of costs plus verification.